Filed 4/1/21  P. v. McKnight CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| THE PEOPLE, | C079211 |
| Plaintiff and Respondent, | (Super. Ct. No. F14000328) |
| v. | |
| TRENTON RAY MCKNIGHT, | |
| Defendant and Appellant. | |

Defendant Trenton Ray McKnight pleaded no contest to assault with intent to commit a felony (Pen. Code, § 220, subd. (a)).[1]  Pursuant to a plea bargain, the trial court imposed a stipulated term of four years in the Department of Juvenile Justice (DJJ), and awarded defendant 291 days of presentence credit (253 actual and 38 conduct).

---

[1] Undesignated statutory references are to the Penal Code.

1

On appeal, defendant contends his conduct credits for presentence custody in juvenile hall were erroneously limited to 15 percent pursuant to section 2933.1.

We affirm.

## DISCUSSION

### I. Procedural Background[2]

Pursuant to a negotiated agreement, defendant pleaded no contest to assault with intent to commit a felony (Pen. Code, § 220, subd. (a)). The parties agreed the conviction would be a serious and violent felony. At the time of the plea, the court advised that any "jail or prison" conduct credit would be limited to 15 percent.[3]

At the time of sentencing, defendant was 16 years old. The trial court found defendant spent 253 days in presentence custody in juvenile hall. At sentencing, defense counsel asked the trial court not to apply the section 2933.1 15 percent limitation on conduct credits because defendant was confined in a juvenile facility pretrial. The court declined the request, sentenced defendant to four years in the DJJ, and awarded defendant 38 days presentence conduct credit, applying the 15 percent limitation in section 2933.1. As we shall explain, reading any ambiguity in the court's sentencing in defendant's favor and applying equal protection principles, defendant was awarded the credits to which he was constitutionally entitled. Absent a reading of the trial court's sentencing in defendant's favor, defendant was actually awarded 38 days more credit than he was entitled to receive.

---

[2] We dispense with the facts of defendant's crime as they are unnecessary to resolve this appeal.

[3] The court also advised defendant a sex registration requirement would be imposed and ultimately imposed that requirement.

## II. Analysis

### A. Statutory Analysis

Defendant contends he is entitled to additional presentence conduct credit at a rate specified under section 4019 because section 2933.1, which limits presentence conduct credits for violent felony convictions to 15 percent, does not apply to time spent in juvenile hall. We conclude that under the plain language of the applicable statutes, defendant would not be entitled to any conduct credit for the time he spent in juvenile hall prior to sentencing.

Defendant's argument requires an analysis of three statutes: section 2900.5, subdivision (a), section 2933.1, and section 4019.

Defendant relies primarily on section 2900.5, subdivision (a), which states in pertinent part: "In all felony . . . convictions, either by plea or by verdict, when the defendant has been in custody, including, but not limited to, any time spent in a jail, camp, work furlough facility, halfway house, rehabilitation facility, hospital, prison, *juvenile detention facility*, or similar residential institution, all days of custody of the defendant, *including days . . . credited to the period of confinement pursuant to Section 4019*, . . . shall be credited upon his or her term of imprisonment . . . ." (Italics added.)

Presentence conduct credits are governed by section 4019. Section 4019, subdivision (a)(1), in effect at the time, states: "(a) This section applies in all of the following cases: [¶] (1) When a prisoner is confined in or committed to a *county jail, industrial farm, or road camp or any city jail, industrial farm, or road camp*, including all days of custody from the date of arrest to the date when the sentence commences, under a judgment of imprisonment or of a fine and imprisonment until the fine is paid in a criminal action or proceeding." (Italics added.) As can be seen in the italicized text, section 4019 does not mention confinement in a juvenile facility. Accordingly, under the applicable statutes, conduct credits under section 4019 cannot be earned for confinement time in juvenile hall. (*In re Ricky H.* (1981) 30 Cal.3d 176, 186 (*Ricky H.*) ["the statutory

3

language of Penal Code section 4019 is clear. It . . . does not by its terms apply to juveniles detained in juvenile hall"].) (Fn. omitted.)

Section 2933.1 limits the conduct credits of persons convicted of violent felonies as defined in section 667.5, subdivision (c). (§ 2933.1, subd. (a).) Subdivision (c) of section 2933.1 states: "Notwithstanding Section 4019 or any other provision of law, the maximum credit that may be earned against a period of confinement in, or commitment to, *a county jail, industrial farm, or road camp, or a city jail, industrial farm, or road camp*, following arrest and prior to placement in the custody of the Director of Corrections, shall not exceed 15 percent of the actual period of confinement for any person specified in subdivision (a)." (Italics added.) As can be seen from the italicized text, section 2933.1, subdivision (c) does not mention juvenile facilities.

Defendant argues that under the rules of statutory construction, the limitations of section 2933.1 do not apply to defendants who were detained in juvenile facilities prior to sentencing, and who are ultimately sentenced to a juvenile facility.

Defendant's argument centers on what he sees as the plain meaning of section 2933.1. According to defendant, because section 2933.1 does not mention juvenile facilities, the 15 percent limitation applies to custody in the listed facilities — county jail, industrial farm, road camp, or a city jail — but not to presentence custody in a juvenile facility.

However, as we have noted, section 4019 also does not provide presentence conduct credit for time confined in juvenile facilities. Like 2933.1, the express language of section 4019 applies only to presentence conduct credit for time confined in "a county jail, industrial farm, or road camp or a city jail, industrial farm, or road camp." While section 2900.5, subdivision (a), provides that defendants shall be given credit for "all days of custody" in a "juvenile detention facility," "including days . . . credited to the period of time of confinement pursuant to section 4019," section 4019 does not provide conduct credit for time to custody in juvenile detention facilities. Thus, under the plain

4

meaning of section 4019, a person confined in a juvenile facility before sentencing is not entitled to any conduct credits. (§ 4019, subd. (a)(1); *Ricky H., supra,* 30 Cal.3d at p. 186.) And the omission of juvenile facilities from the list in the section 2933.1 limitation on conduct credits can be explained by the fact that the Legislature did not intend that defendants receive conduct credits in juvenile facilities as indicated by the omission of juvenile facilities in section 4019.

We asked the parties to provide supplemental briefing as to two questions, the first of which was: "Is defendant entitled to any presentencing conduct credits given that neither Penal Code section 2933.1 nor section 4019 reference conduct credits for a person in custody in juvenile facilities? (See *[] Ricky H.[, supra,]* 30 Cal.3d 176, *People v. Austin* (1981) 30 Cal.3d 155, 165 and *People v. Twine* (1982) 135 Cal.App.3d 59, 62-63, fn. 3.)" Defendant acknowledged our high court has held that "a minor committed to the Youth Authority from adult court is not entitled to conduct credits for presentence custody in juvenile hall, because conduct credits are inconsistent with the essentially indeterminate nature of a Youth Authority commitment." But then defendant points out that "[t]he Abstract of Judgment indicates the defendant was sentenced to state prison, with the proviso that he be housed at the Department of Juvenile Justice per Welfare and Institutions Code section 1731.5, subdivision (c)."[4] Notwithstanding this, defendant

---

[4] The abstract reads: "DEFENDANT TO BE HOUSED AT DJJ PER WI1731.5(c)"

Welfare and Institutions Code section 1731.5, subdivision (c) provides in pertinent part: "Any person under 18 years of age who is not committed to the division pursuant to this section may be transferred to the authority by the Secretary of the Department of Corrections and Rehabilitation with the approval of the Director of the Division of Juvenile Justice. In sentencing a person under 18 years of age, the court may order that the person shall be transferred to the custody of the Division of Juvenile Facilities pursuant to this subdivision. If the court makes this order and the division fails to accept custody of the person, the person shall be returned to court for resentencing. The transfer shall be *solely for the purposes of housing the inmate, allowing participation in the programs available at the institution by the inmate, and allowing division parole*

5

urges us to order the trial court to award conduct credits based on the argument in his opening brief, ignoring, at least at this point in his supplemental briefing, the fact that section 4019 does not provide conduct credits for persons detained pretrial in a juvenile facility. We decline to do so.

## B. Equal Protection

If defendant is entitled to pretrial conduct credits, it is because equal protection requires he be treated like adult defendants. Notwithstanding the plain language of section 4019, a minor who is tried as an adult *and sentenced to state prison* for his offense is similarly situated to an adult sentenced to state prison and, thus, equal protection principles entitle such minors to conduct credits for presentence time spent detained in a juvenile facility. (*People v. Garcia* (1987) 195 Cal.App.3d 191, 197; *People v. Twine* (1982) 135 Cal.App.3d 59, 62-63 (*Twine*).) As the *Twine* court observed, "if [defendant] could not earn conduct credits for his period of presentence detention in juvenile hall, he would wind up serving more total time in custody than a defendant sentenced to state prison who was not detained pretrial." (*Twine,* at p. 63.)

The second question we posed to the parties in our request for supplemental briefing was: "Is this defendant *similarly situated* to an adult sentenced to state prison so that equal protection principles require he be awarded the same presentencing conduct credits an adult would be?" Both parties answered in the affirmative, pointing out that the abstract indicates defendant was sentenced to state prison, to be housed in DJJ under Welfare and Institutions Code sections 1731.5, subdivision (c). In response to our second question, defendant argues that since he was sentenced to state prison, equal protection requires that he receive conduct credits like any other person serving a state prison

---

*supervision of the inmate, who, in all other aspects shall be deemed to be committed to the Department of Corrections and Rehabilitation and shall remain subject to the jurisdiction of the Secretary of the Department of Corrections and Rehabilitation and the Board of Parole Hearings.*" (Italics added.)

6

sentence. The People agree, arguing the trial court's award of 15 percent conduct credits was correct because that is what an adult defendant similarly situated to defendant here would receive.

But the record is not so clear that the trial court sentenced defendant to state prison to be housed at DJJ pursuant to Welfare and Institutions Code section 1731.5, subdivision (c). At the plea, the court noted that as part of the negotiated resolution, the parties agreed that defendant was "unfit for juvenile court," but that "he will be eligible and amenable for and can benefit from treatment in a juvenile facility." At sentencing, the court stated: "the defendant who is a minor, was charged as an adult and pursuant to a plea agreement has been convicted of an offense that makes him eligible *for commitment to* the California Division of Juvenile Justice Facility. I find that an evaluation of the defendant to see if he is amenable to training and treatment offered by the Division of Juvenile Facilities . . . is not necessary. [¶] I have read and considered the psychological evaluation . . . and the probation report and all attachments and I am satisfied that the defendant is amenable to and will greatly benefit from the services offered by the Department of Juvenile Justice Facility." Later the court stated: "I find that the appropriate disposition in this case is *a commitment to* the Division of Juvenile Facilities." (Italics added.) The court continued: "Generally speaking, a commitment to the Department of Juvenile Justice is considered sort of an indeterminate sentence. The minor can actually be released prior to the term served. However, the Court is required to state for the record what the sentence would be if the defendant were sentenced to prison." At no time did the trial court expressly state it was sentencing defendant to prison, to be housed at DJJ pursuant to Welfare and Institutions Code section 1731.5, subdivision (c). The minute order states: "defendant is sentenced to the California Department of Corrections, Juvenile Justice Facility." (Capitalization omitted.) Inconsistent with his earlier request in his supplemental briefing that we award the conduct credits he requested in his original briefing, defendant later acknowledges in his

7

supplemental briefing that if his sentence is a juvenile commitment, he is "not entitled to any conduct credits."

But the People in their supplemental briefing maintain defendant was sentenced to state prison, apparently giving defendant the benefit of the doubt. We will too. Instead of zero conduct credit for his pretrial detention in the local juvenile facility, we will allow the trial court's award of 15 percent (38 days) to stand.

## DISPOSITION

The judgment is affirmed.

_____/s/_____
MURRAY, J.

We concur:

_____/s/_____
ROBIE, Acting P. J.

_____/s/_____
MAURO, J.

8